S:\01cv17000b-ord(stay-lift).wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: WELDING ROD PRODUCTS LIABILITY LITIGATION | : : : : : : : | Case No. 1:03-CV-17000 (MDL Docket No. 1535)<br><br>JUDGE O'MALLEY<br><br>**PRACTICE & PROCEDURE ORDER** |

On July 7, 2003, the Court entered an Order staying this matter pending receipt from the Committee on Codes of Conduct for United States Judges an advisory opinion regarding possible organizational structures in this litigation. The Court has received that advisory opinion, and communicated its contents to the law firm of Jones Day, which was attempting to determine its role in this litigation. Jones Day had earlier withdrawn as a representative of any party to this litigation, but was considering taking on other roles.

Jones Day has now determined that: (1) it will not represent any party in this MDL litigation, or in any related state court litigation; and (2) it will not play any "behind the scenes" role as coordinating counsel, nor provide litigation advice to parties with matters in the MDL or any related state court litigation. Based upon this understanding, the Court now **LIFTS** the previously entered stay. Furthermore, the Court now rules as follows.

C   The motion to appoint as interim co-lead counsel for plaintiffs Donald Barrett, of the Barrett Law Office, and Richard Scruggs, of the Scruggs Law Firm (docket no. 3), is **GRANTED**. The proposal in the defendants' Notice (docket no. 2), as amended by the motion to substitute (docket no. 4), is

also **GRANTED**, and Ralph Davies, of Davies, McFarland, & Carroll, is appointed as interim lead counsel for defendants.

- This Order, issued pursuant to 28 U.S.C. §1407(a), shall govern the practice and procedure in: (1) the three actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its order of June 23, 2003; and (2) all related cases originally filed in this Court or transferred or removed to this Court. These cases are listed in Schedule A, attached, and are coordinated for pretrial purposes.

- This Order shall also govern the practice and procedure in: (2) any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to Rule 1 of the Rules of Procedure of that Panel, subsequent to the filing of the final transfer order by the Clerk of this Court; and (2) any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

- A signed original of any pleading or paper shall be filed; no copies are necessary. All papers filed in these actions shall bear the identification "**MDL Docket No. 1535,**" and when the paper relates to all these actions, the MDL docket number shall be followed by the notation **"Case No. 03-CV-17000, ALL CASES."** If the paper does not relate to all of these actions, then the individual docket numbers assigned by the Clerk of this Court (as listed in Schedule A) of those actions to which the paper relates shall also be listed. If the paper relates to five or fewer actions, the abbreviated caption of each of the actions may be listed opposite its number.

- Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall not be filed with the Court, except that discovery materials may be filed as evidence in support of a motion or for

use at trial.

C   Any paper filed in any of these actions shall be filed with the Clerk of this Court and not with the transferor district court.

C   Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

C   Prior to the first pretrial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto as Schedule B.  Any attorney who wishes to have his name added to or deleted from the Panel Attorney Service List may do so upon request to the Clerk of this Court, with notice to all other persons on the Service List.  Service shall be deemed sufficient if made upon all attorneys on the Panel Attorney  Service List.  **The parties shall present to the Court at the first pretrial conference a list of attorneys for purposes of service.  Only one attorney for each party separately represented shall be included on this list.**  Counsel **MUST** be able to receive notice from the Court via e-mail.

C   Interim Lead Counsel shall submit a proposed organizational structure governing each group of parties whose interests are similarly aligned, which shall include proposed permanent lead counsel and liaison counsel.  These organizational structures are subject to approval of the Court, and the Court may change any and every portion of the proposed organizational structures.  Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group, and shall be responsible for the preparation and transmittal of copies of orders and notices to the parties in their liaison group.  Liaison counsel shall maintain complete files, with copies of all documents served upon them, and shall make those files available to parties within their liaison group.

- Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation, pursuant to Rule 8(e) of the Panel's Rules of Procedure, on behalf of all parties within their liaison group, and shall be responsible for the preparation and transmittal of copies of orders and notices to the parties in their liaison group.

- Upon remand of any of these actions, the parties will be required to provide to this Court copies of any necessary and relevant papers previously filed.

- No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of Local Rule 83.5 are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

- Hearings shall not be held on any motions filed, except by order of the Court.

- Any paper filed in any of these actions that is substantially identical to any other paper filed in another of these actions shall be sufficient if it incorporates by reference the paper to which it is substantially identical.  Where counsel for more than one party plan to file substantially identical papers, they shall join in the submission of those papers and shall file only one paper on behalf of all so joined.

- Any orders, including protective orders, previously entered by this Court or any transferor district court shall remain in full force and effect, unless expressly vacated by subsequent order of this Court.

- All discovery proceedings in these actions are stayed until further order of this Court.  The time requirements to perform any act or file any papers, pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the first pretrial conference, at which time a discovery schedule will be established.

- The Court will be guided by the Manual for Complex Litigation – Third, approved by the Judicial

Conference of the United States, and counsel are directed to familiarize themselves with that publication.

- The parties are notified that this case will be placed on the Court's Electronic Filing System (see the attached notice from the Clerk of Court regarding the Court's filing system).

- **All other matters will be discussed at the initial pretrial conference, to be held on Tuesday, September 16, 2003, at 10:00 a.m.** Lead counsel for all parties must attend, or submit a written statement granting decision-making authority to proposed lead counsel.

- Counsel will confer before the initial pretrial conference to develop a proposed case management plan and to create an agenda for the conference. **Counsel will submit this agenda to the Court on or before noon on Friday, September 12, 2003.** Among other things, counsel should discuss (and include on the agenda) the following: (1) the propriety of consolidation; (2) whether this case may become suitable for reference to an Alternative Dispute Resolution (ADR) program; (3) appropriate deadlines for amendment of pleadings, expert and non-expert discovery, dispositive motions, expert reports, and Daubert hearings; and (4) the scope of discovery.

- **By noon on Friday, September 12, 2003, Interim Lead Counsel for plaintiffs and Interim Lead Counsel for defendants shall each submit a brief**, no more than 15 pages in length, setting out: (1) the legal and factual background of this case; (2) the procedural status of the

transferee cases and potential tag-along cases; (3) those issues the parties currently view as critical, including scientific issues; and (4) any other relevant information the Court might find helpful.

**IT IS SO ORDERED.**

                                              **s/Kathleen M. O'Malley**
                                              **KATHLEEN McDONALD O'MALLEY**
                                              **UNITED STATES DISTRICT JUDGE**