03cv17000zag-ord(DismissalFWOP).wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **IN RE: WELDING FUME PRODUCTS** : | |
|     **LIABILITY LITIGATION**   :  | Case No. 1:03-CV-17000 |
| : | (MDL Docket No. 1535) |
| : | |
| : | **JUDGE O'MALLEY** |
| : | |
| : | **ORDER** |

On March 14, 2006, certain attorneys filed a motion to withdraw as counsel for 1,598 plaintiffs. The reason counsel gave for seeking to withdraw was that these plaintiffs had "refused or failed to participate in their lawsuit[s]." *See* docket no. 1701, motion at 1.[1] The Court granted this motion to withdraw. *See* docket no. 1707.

Defendants have now filed a motion to dismiss the lawsuits filed by these same plaintiffs, for failure to prosecute (docket no. 1705). For the reasons stated below, this motion is **GRANTED**, and all of those cases listed at docket no. 1701, exh. A are now **DISMISSED, without prejudice.**

As defendants note, these plaintiffs' own former counsel have acknowledged that the plaintiffs have not acted in accord with a desire to prosecute their lawsuits. Other courts have easily concluded that it is appropriate to dismiss a plaintiff's lawsuit when the plaintiff's counsel has chosen to withdraw based on lack of interest or cooperation by the plaintiff. *See, e.g., Morgan v.*

---

[1] These plaintiffs were all originally named parties in the single, multi-plaintiff case known as *Adames v. AGA Gas, Inc.*, case no. 04-CV-19204, originally filed in West Virginia state court; after the case was removed to federal court and transferred to this MDL, each plaintiff was severed and assigned his own case number.

*Washington Metropolitan Area Transit Authority*, 1991 WL 241901 (D.D.C. Oct 31, 1991) (granting plaintiff's counsel's motion to withdraw and also dismissing the case because "plaintiff's counsel asserts that he has been unable to maintain contact with plaintiff sufficient enough to maintain the present action").  Accordingly, the Court concludes it is appropriate to dismiss these plaintiffs' lawsuits for failure to prosecute, without prejudice.

Defendants have also asked that the Court impose a requirement that these plaintiffs only be allowed to "refile, if at all, in federal court."  Motion at 2 (citing the possible future expense of additional removal petitions).  Given that all of these plaintiffs' cases were removed via a single removal petition, however, and that the plaintiffs promptly sought remand, the Court concludes that imposition of the "federal refiling requirement" requested by defendants is not appropriate.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**: May 17, 2006