03cv17000zat-ord(DiscoveryCertification).wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: WELDING FUME PRODUCTS LIABILITY LITIGATION : | Case No. 1:03-CV-17000 |
| : | (MDL Docket No. 1535) |
| : | JUDGE O'MALLEY |
| : | **MEMORANDUM AND ORDER** |

In the Court's *Case Administration Order*, the undersigned set forth "certain procedural mechanisms that will aid the administration of this litigation." Order at 1 (docket no. 1724). One of those mechanisms was aimed at ensuring the adequacy of defendants' discovery responses, about which the plaintiffs had repeatedly complained. Specifically, the plaintiffs and the defendants both agreed with the Court "that it is appropriate to require the MDL defendants to provide and file written certifications that their document productions in response to plaintiffs' discovery requests are complete. The Court and the parties will work on determining what is the appropriate mechanism for this certification to take place." *Id.* at 12.

Thereafter, defendants' liaison counsel met with the Special Master in this case and reviewed in detail the status of discovery efforts. Among other suggestions, the Special Master asked the defendants to: (1) undertake renewed efforts to search for responsive documents; and (2) solicit suggestions from plaintiffs regarding what computerized word searches to apply to the defendants' document databases. The defendants promptly acquiesced to these requests. The Special Master also directed the defendants to submit for review a representative sample of their outside counsel's litigation files related to "other claims" of neurological injury caused by welding fumes. The Court understands

that the Special Master's review of those litigation files, as well as his review of all other documents as to which defendants invoked privilege as a basis for non-production, is nearing its end.

Accordingly, the Court concludes it is now appropriate for each defendant in this MDL to submit the written certifications earlier agreed to. The Court now **ORDERS** each defendant in this MDL to submit a written discovery certification, using the attached form, within 30 days of the date of this Order.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**: April 3, 2007

Discovery Certification.wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: WELDING FUME PRODUCTS LIABILITY LITIGATION : : : : : : : : : : | Case No. 1:03-CV-17000 (MDL Docket No. 1535) <br><br> JUDGE O'MALLEY <br><br> DISCOVERY CERTIFICATION ON BEHALF OF <br> _____ <br> _____ <br> [*NAME(S) OF DEFENDANT(S)*] |

1. I am a principal officer of a company that has been named as a defendant in one or more of the cases that compose the Multi-District Litigation known as *In re: Welding Fume Products Liability Litigation*, 03-CV-17000 (MDL Docket no. 1535), assigned to the Honorable Judge Kathleen McDonald O'Malley ("*Welding Fume MDL*").

2. I understand that, in connection with the *Welding Fume MDL*, my company has obligations to discover, and produce to counsel for plaintiffs, certain documents, electronically stored data, and other things (collectively, "Documents"). These obligations, which are continuing, flow from: (1) discovery requests propounded by the plaintiffs;[1] and (2) orders issued by the Judge and the Special Master assigned to the *Welding Fume MDL*.

3. I understand that, to fulfill its discovery obligations in the *Welding Fume MDL*, my company is required to conduct diligent searches for Documents that are responsive to discovery requests made by plaintiffs and to Orders issued by the Court, using comprehensive search strategies. This includes investigating the location of all potentially responsive Documents within the domain of my company and its agents, and reviewing the contents of those documents carefully to determine whether they are responsive.

4. I understand that, when determining whether a Document should be produced to plaintiffs in the *Welding Fume MDL*, my company is obligated to produce Documents that are "relevant to

---

[1] *See generally* Rule 34 and Rule 26(a, e), Federal Rules of Civil Procedure.

       the claims or defenses of any party."[2] This includes any document tending to show that any current or past employee or agent of the company was told, or had reason to believe, that welding fumes might cause neurological injury. I further understand that the Court has ordered my company to search for and produce Documents related to claims made "by any individual that the use of welding consumables caused any type of neurological injury."[3]

5. To ensure that my company has fulfilled its obligations in the *Welding Fume MDL* regarding discovery and production of Documents, I have personally reviewed: (1) the requests for production propounded by the plaintiffs upon my company; and (2) the Court's Case Management Orders and other Orders regarding discovery obligations, including the *Other Claims Order*.

6. To ensure that my company has fulfilled its obligations in the *Welding Fume MDL* regarding discovery and production of Documents, I have personally reviewed the scope and depth of the efforts my company undertook to discover and produce responsive Documents, including conferring directly with the persons directly responsible for this discovery and production.

7. I have also conferred with the following legal counsel to ensure that I understand my company's obligations in the *Welding Fume MDL* regarding discovery and production of Documents, and to ensure my company has taken all reasonable and necessary steps to fulfill those obligations:_____

_____.
(fill in name of legal counsel)

8. I hereby **CERTIFY** that my company has engaged in a thorough, reasonable, good-faith effort to discover all Documents that are responsive to: (a) discovery requests made by plaintiffs, and (b) Orders issued by the Court in the *Welding Fume MDL*. I further **CERTIFY** that, as to each and every such discovered Document, my company has either: (1) produced the Document to plaintiffs; or (2) listed the Document in a Privilege Log, submitted the Log to the Special Master, and received a ruling that the Document was properly withheld; or (3) objected to the production of the Document, which objection was not overruled. I further **CERTIFY** that my company has a good-faith basis to believe that any other documents within the company's domain are not responsive or relevant to any discovery requests made by plaintiffs or to Orders issued by the Court in the *Welding Fume MDL*.

---

[2] *See generally* Rule 26(b)(1), Federal Rules of Civil Procedure.

[3] See *Welding Fume MDL* master docket no. 1729 ("*Other Claims Order*") (April 10, 2006).

9. I understand that, if the Court subsequently concludes my company did not engage in a thorough, reasonable, good-faith effort to discover and produce all Documents, as described above, the Court may impose sanctions upon my company.

_____
*Name*

_____
*Title*

_____
*Company*

_____
*Signature*

_____
*Date*

_____

_____

_____

_____
*Related Defendant Entities*
(List any other companies named as defendants in the *Welding Fume MDL* on behalf of which you are providing this Discovery Certification, including predecessors-in-interest).

*Discovery Certification - Page 3 of 3*