03cv17000zax-ord(CatSJ-R54).wpd

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: WELDING FUME PRODUCTS LIABILITY LITIGATION : : : : : : : : | Case No. 1:03-CV-17000 (MDL Docket No. 1535) JUDGE O'MALLEY **JUDGMENT ENTRY** |

For the reasons set forth in the Court's Memorandum and Order of October 30, 2007 (docket no. 2091), the motion filed by Caterpillar for summary judgment on all claims is **GRANTED** and Caterpillar is **DISMISSED** as a party in all cases pending in this Multi-District Litigation ("MDL"). Attached to this Judgment Entry is a list of all such cases.

Under Rule 54(b), a court may enter a final judgment on fewer than all the claims in a case "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment on one or more claims" in a multi-claim action. *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986).  Entry of final judgment on fewer than all claims under Rule 54(b) "recognizes the practical finality of a decision as to certain claims and permits such a decision to be appealed as a final judgment."  *Good v. Ohio Edison Co.*, 1997 WL 4538 at *1 (6th Cir. Jan. 8, 1997).  Certification under Rule 54(b) strikes "a balance between the undesirability of

more than one appeal in a single action and the need for making review available in . . . multiple-claim situations at a time that best serves the needs of the litigants." *Day v. NLO, Inc.*, 3 F.3d 153, 155 (6th Cir. 1993) (quoting Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d §2654 (1983)). To certify an order under Rule 54(b), the Court must "do more than just recite the 54(b) formula of 'no just reason for delay'" and must provide a reasoned explanation. *Solomon*, 782 F.2d at 61. For a judgment to merit certification, "the adjudicated and unadjudicated claims . . . should generally be separate and independent so that the appellate court will not have to consider the same issues again if a second appeal is brought." *Justice v. Pendleton Place Apartments*, 40 F.3d 139 (6th Cir. 1994).

The Court's entry of summary judgment in Caterpillar's favor was highly fact-specific. As a general matter, the adjudicated claims against Caterpillar are separate and independent from the claims asserted against the other defendants remaining in the cases in this MDL, and depend on assessment of an evidentiary record unique to Caterpillar. It would be neither fair to any of the parties nor efficient for the Court to delay any desired appellate review of the Court's decision absolving Caterpillar of all liability in every MDL case. Rather, early appellate review will ensure that any future trials by this and the transferor federal courts are presented to juries with the proper defendants and claims. The Court concludes that immediate certification serves the interests of justice and judicial administration.

Accordingly, pursuant to Fed. R. Civ. P. 54(b), and upon due consideration, the Court finds there is no just reason to delay entry of final judgment in favor of Caterpillar as to all claims asserted against this defendant only.

**IT IS SO ORDERED.**

**s/Kathleen M. O'Malley**
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:** November 01, 2007