C:\Documents and Settings\David\My Documents\WordPerfectDocts\WeldingRods\03cv17000zbe-ord(ClassAllegations).wpd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: WELDING FUME PRODUCTS LIABILITY LITIGATION | : : : : : : : : : |  Case No. 1:03-CV-17000<br>(MDL Docket No. 1535)<br><br>JUDGE O'MALLEY<br><br>**ORDER** |

On September 14, 2007, this *Welding Fume* MDL Court entered an Order denying class certification in a case known as *Steele v. A.O. Smith Corp.*[1] The *Steele* plaintiffs had alleged they were exposed to toxic welding fumes and brought claims for medical monitoring; they then moved for certification of several state-wide classes. The Court denied the motion, concluding the plaintiffs could not meet the typicality requirement imposed by Fed. R. Civ. P. 23(a)(3).

The defendants now move for an Order striking all class allegations contained in the complaints in six other *Welding Fume* MDL cases, asserting the putative classes in these cases cannot be certified for the same reasons the Court explained in *Steele*. For the reasons stated below, this motion (docket no. 2132) is **GRANTED as unopposed.** Further, the plaintiffs in these six cases are **ORDERED**, within 60 days of the date of this Order, to either: (1) amend their complaints to assert individual claims; or (2)

---

[1] *See In re Welding Fume Prods. Liab. Litig.* (*Steele*), 245 F.R.D. 279 (N.D. Ohio 2007).

dismiss the cases in their entirety.[2]

Defendants identify six other cases within this MDL proceeding that contain class allegations. These cases are:

> (1) *Aceto v. Lincoln Elec. Co.*, case no. 1:05-17756;
> (2) *Davis v. Lincoln Elec. Holdings, Inc.*, case no. 1:04-18589;
> (3) *Grant v. Illinois Tool Works*, case no. 1:05-19296;
> (4) *McCario v. Airco, Inc.*, case no. 1:05-17727;
> (5) *Meehan v. Lincoln Elec. Holdings, Inc.*, case no. 1:05-17769; and
> (6) *Milhorn v. Lincoln Elec. Co.*, case no. 1:05-17771.

The complaint in each of these cases proposes a statewide class of persons exposed to welding fumes. Defendants assert that the proposed classes in these cases suffer the same infirmities under Fed. R. Civ. P. 23 that precluded the Court from certifying a similar proposed class in *Steele*. Accordingly, defendants move the Court to "issue an order striking the class allegations from the complaints in those cases and requiring plaintiffs to either: (1) amend their complaints to assert individual claims; or (2) dismiss the cases in their entirety."[3]

Plaintiffs have not opposed defendants' motion. A Court may strike from a complaint class allegations if it appears that the plaintiffs' claims cannot meet the requirements of Fed. R. Civ. P. 23.[4] Because plaintiffs do not offer opposition to defendants' argument that the Court's analysis in *Steele* would

---

[2] If the plaintiffs do not amend their complaints to assert individual claims, the Court will dismiss these cases without prejudice, for want of prosecution.

[3] Motion at 1 (docket no. 2132).

[4] *Thompson v. Merck & Co., Inc.*, 2004 WL 62710 (E.D. Pa. Jan. 6, 2004); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 211 F.R.D. 435 (W.D. Wash. 2002).

2

apply to preclude class certification in these other putative class-action cases, the Court finds the defendants motion must be granted as unopposed.

      **IT IS SO ORDERED.**

                                     /s/ Kathleen M. O'Malley
                                     **KATHLEEN McDONALD O'MALLEY**
                                     **UNITED STATES DISTRICT JUDGE**

**DATED**: August 4, 2008