03cv17000zbg-ord(CAO-3).wpd

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: WELDING FUME PRODUCTS | : | |
| LIABILITY LITIGATION | : | **Case No. 1:03-CV-17000** |
| | : | **(MDL Docket No. 1535)** |
| | : | |
| | : | **JUDGE O'MALLEY** |
| | : | |
| | : | |
| | : | **TOLLED CLAIMS ORDER** |
| | : | |

The Court now enters this "*Tolled Claims Order*" to set forth various administrative MDL procedures applicable to individuals who earlier entered into the "Tolling Agreement" and now seek to pursue their claims, and also to document certain agreements reached between the parties.

**I.      References to other Court Orders.**

As used in this Order, the following definitions apply.  All of the Court Orders listed below may be viewed at the following website: www.ohnd.uscourts.gov.[1]

*Tolling Agreement* – docket no. 235, exh. 1.

*Former MDL Plaintiff* – an individual who earlier filed a case that became a part of these MDL proceedings, and who then dismissed the case after entering into the *Tolling Agreement*.

*Claimant* – an individual who entered into the *Tolling Agreement* and who did not earlier file a case that became a part of these MDL proceedings.

*Tolled Claims* – claims asserted by individuals who entered into the *Tolling Agreement* and which

---

[1]  Click on "Multidistrict Litigation Cases" on the left-hand side of the website, and then click on "MDL 1535 Welding Fumes Products Liability Litigation."

are covered by the *Tolling Agreement*.[2]

*Tolled Case* – a case filed and previously dismissed by any *Former MDL Plaintiff*.

*CMO-2* – docket no. 405 (Second Amended Supplemental Case Management Order).

*Fact Sheet* – docket no. 287, attachment 2 (also discussed in *CMO-2* at 4).

*CAO-1* – docket no. 1724  (First Case Administration Order).

*Notice of Diagnosis* – docket no. 1731 (also discussed in *CAO-1* at 5-7).

*Peripheral Defendant Order* – docket no. 1824.

*PDDA* – docket no. 1824, exh. A (Peripheral Defendant Dismissal Agreement).

*MDL Decisions* – Orders issued by the MDL court addressing the viability of various claims.[3]

## II.    *Tolling Agreement* – **Background**.

On August 19, 2008, Defendants notified plaintiffs they intended to terminate the parties' *Tolling Agreement*.  As of the date of notification, about 11,800 claimants had entered into this *Tolling Agreement*. The *Tolling Agreement* tolled "[a]ny time periods for filing or pursuing claims and/or notices required to

---

[2]  Generally, the *Tolling Agreement* addresses "claims of personal injury, loss of consortium, or any other damages allegedly caused by exposure to manganese in welding fumes."  *Tolling Agreement* at 1.

[3]  Examples of *MDL Decisions* include the Court's Orders: (1) granting summary judgment on all claims in all *Welding Fume* cases in favor of Metropolitan Life Insurance Company (docket no. 2016) (*In re Welding Fume Prods. Liab. Litig.*, 2007 WL 1087605 (N.D. Ohio April 9, 2007)); (2) granting summary judgment on all claims in all *Welding Fume* cases in favor of Caterpillar, Inc. (docket no. 2091) (*In re Welding Fume Prods. Liab. Litig.*, 526 F.Supp.2d 775, (N.D. Ohio 2007)); (3) granting summary judgment on conspiracy claims in *Welding Fume* cases governed by Mississippi law (*Ruth v. A.O. Smith Corp.*, 2005 WL 2978694 (N.D. Ohio Oct. 11, 2005)); and (4) denying plaintiffs' motion for class certification of medical monitoring claims (docket no. 2077) (*In re Welding Fume Prods. Liability Litig.*, 245 F.R.D. 279 (N.D. Ohio 2007)).  The Court may also issue, in the future, other *MDL Decisions* addressing the viability of various claims.

be given under applicable law in order to preserve rights to claims in any matters against Defendants involving claims of personal injury, loss of consortium, or any other damages allegedly caused by exposure to manganese in welding fumes."[4]  The *Tolling Agreement* further stated that its termination date would be "the date 120 days after Plaintiffs' Lead Co-Counsel receive[s] written notice" of Defendants' intention to terminate.[5]  Accordingly, the *Tolling Agreement* terminates 120 days after August 19, 2008, which is December 17, 2008.  Pursuant to the terms of the *Tolling Agreement*, this termination is effective as to all individuals and all Defendants participating in the *Tolling Agreement*.

The *Tolling Agreement* permitted individuals to avoid a number of obligations otherwise imposed upon plaintiffs who were actively pursuing claims against the Defendants.  These obligations included following the normal rules of civil procedure for initiating a formal case, compliance with certain Orders issued by the MDL Court, and so on.  Some of the obligations that individuals may have avoided by entering into the *Tolling Agreement* include:

• filing a complaint and other documents required to commence an action, and paying the filing fee;

• serving each Defendant with copies of the summons and complaint;

• filing an amended complaint consistent with the Court's *MDL Decisions* (such as the Court's grant of summary judgment to certain Defendants on all claims brought against them in all *Welding Fume* cases);

• filing either an amended complaint or a stipulation of dismissal of certain Defendants, consistent with the *PDDA* (which sets out procedures for dismissing without prejudice certain Defendants against whom the Plaintiff was not asserting his principal claims);

• submitting a *Fact Sheet* to Defendants' Liaison Counsel, as required by *CMO-II*; and

• filing a *Notice of Diagnosis*, as required by *CAO-1.*

---

[4] *Tolling Agreement* at 1.

[5] *Id.* at 3.

3

Now that the *Tolling Agreement* is terminating, the Court sets out below certain procedures that individuals who entered into the *Tolling Agreement* must now follow if they wish to pursue their *Tolled Claims* through formal litigation.  These procedures are adopted pursuant to agreement of the parties and are designed to make clear how and when the parties must fulfill the obligations they earlier avoided by entering into the *Tolling Agreement*.

### III.    Categories of Individuals in the *Tolling Agreement*.

The 11,800 claimants who entered into the *Tolling Agreement* did so in one of two different ways.  First, certain individuals filed formal complaints that became a part of this MDL.  This includes individuals who filed complaints: (1) directly in this MDL court; (2) in other federal courts, and the case was transferred to this MDL court; and (3) in state courts, and the case was removed to federal court and transferred to this MDL court.  These individuals then dismissed their complaints and elected to enter into the *Tolling Agreement*.  **These individuals are referred to below as "*Former MDL Plaintiffs*," and the procedures they must follow if they wish to reinstitute their *Tolled Claims* are set out in Sections V and VII of this Order, below.**

Second, certain individuals never filed a formal complaint that became a part of this MDL; they simply entered directly into the *Tolling Agreement*.  This category includes: (a) individuals who never filed claims at all; and (b) individuals who entered into the *Tolling Agreement* after having commenced actions in state courts, if the individual dismissed his claims before any removal and completed transfer to the MDL.  **Individuals in this category are referred to below as "*Claimants*," and the procedures they must follow  if they wish to reinstitute their *Tolled Claims* are set out in Sections V and VI of this Order, below.**

4

As a general matter, the parties and the Court agree that a *Former MDL Plaintiff* may revive his previously-dismissed case by filing in this Court, **on the docket for that case**, a *"Notice of Reinstitution of Tolled Case"* (in a format similar to the example attached as Exhibit 3). The effect of this *Notice* will be to withdraw the plaintiff's previously-filed voluntary dismissal and to put the case back on the live docket. The parties and the Court further agree that a *Claimant* may pursue his *Tolled Claims* by filing a new complaint in any federal district court where venue is proper. The entirety of the required procedures for each category is set out below, in Sections V - VII of this Order.

**IV.     Separate Tolling Provision in the *Peripheral Defendant Dismissal Agreement*.**

Before setting out the procedures applicable to *Tolled Claims*, the Court makes clear how the *Tolling Agreement* interacts with the *PDDA*. Separate from the *Tolling Agreement*, the parties entered into a *Peripheral Defendants Dismissal Agreement ("PDDA")*, which was adopted by the Court.[6] The purpose of the *PDDA* was: "(1) to provide the parties with a vehicle to identify the 'peripheral Defendants' in each case; (2) to allow plaintiffs to dismiss those peripheral Defendants without prejudice, while (a) tolling any statutes of limitation, and (b) preserving all existing rights to consecutive dismissals under Fed. R. Civ. P. 41(a)(1) or similar state rule; (3) to allow plaintiffs to re-institute their claims against a previously-dismissed peripheral Defendant, if discovery later provides a factual basis therefor; and (4) to allow a peripheral Defendant against whom a claim is re-instituted to re-open discovery only upon good cause shown and with the approval of the Court."[7]

Under the *PDDA*, there were two mechanisms that a Plaintiff could use to dismiss a peripheral

---

[6]  *See* docket no. 1824, exh. A.

[7]  *Id.*, exh. A at 1-2 (quoting *CAO-1* (dkt. no. 1724) at 3-4).

5

Defendant: "(1) filing . . . amended complaints dropping previously-named Defendants or Peripheral Defendants in specific cases; and/or (2) filing of case-specific 'Stipulations of Dismissal' providing for the dismissal of Peripheral Defendants."[8]  As discussed below in Sections VI and VII of this Order, there are now different mechanisms for dismissal of defendants that must be used by individuals who entered into the *Tolling Agreement* and now wish to pursue their *Tolled Claims.*

The *PDDA* also contains its own tolling provision, providing in pertinent part:

> All statutes of limitations applicable to claims asserted against the Peripheral Defendants identified either by filing of an amended complaint or pursuant to a Stipulation of Dismissal shall be hereby tolled from the date the amended complaint or Stipulation of Dismissal is filed with the Court.[9]

The Court makes clear here that this tolling provision contained in the *PDDA* is separate and distinct from the provisions of the *Tolling Agreement*, and the termination of the *Tolling Agreement* has no effect upon the tolling provision in the *PDDA*, which continues in force.

---

[8] *Id.*, exh. A at 2-3.

[9] *Id.*, exh. A at 5.

6

**V.      Title of Pleadings and Notices.**

        The procedures set forth below provide for the filing of certain documents, including a complaint,

amended complaint, "*Notice of Reinstitution of Tolled Case*," and "*MDL Evaluation Form*."  All such

documents filed in this MDL Court shall bear a caption in the following format, **which includes in the**

**first line of the caption the phrase "TOLLED CLAIMS"**:

<div style="border:1px solid black; background-color:#d3d3d3; padding:1em;">

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: WELDING FUME PRODUCTS** | : | |
|   **LIABILITY LITIGATION** | : | **Case No. 1:03-CV-17000** |
| | : | **(MDL Docket No. 1535)** |
| | : | |
| ------------------------------------------------------------ | : | **JUDGE O'MALLEY** |
| **THIS DOCUMENT RELATES TO** | : | |
| [*Individual Case Name & Case Number*] | : | **TOLLED CLAIMS –** |
| | : | [*Additional Caption Language*] |
| | : | |

</div>

        In addition, any such documents filed in other federal courts **shall include in the first line of the**

**caption the phrase "TOLLED CLAIMS."**[10]

_____

        [10]  The use of the phrase "Tolled Claims" in the caption is meant to ensure that the parties and the
Court can quickly and easily identify any case where the procedures set out in this Order apply.  The
absence of the phrase "Tolled Claims," however, does not affect the applicability of this Order, which
applies to all cases where *Tolled Claims* are asserted.

**VI.**  **Requirements and Deadlines Applicable to *Claimants*.**

A *Claimant* is any individual who entered into the *Tolling Agreement* and who did not earlier file

a case that became a part of these MDL proceedings.

**1.**  **Requirements for Commencing Actions.**

a.  A *Claimant* may commence an action asserting *Tolled Claims* in any federal district

court where venue is proper by filing a complaint consistent with Fed. R. Civ. P.

11 and *MDL Decisions*.

i.  The *Claimant's* complaint may not name Metropolitan Life or Caterpillar

as a Defendant.

ii.  The *Claimant's* complaint may not assert any claim that has previously

been rejected by the Court in any of the *MDL Decisions* (e.g., conspiracy

under Mississippi law).

b.  Based on information available to the *Claimant* at the time of the filing of his

complaint, there may be persons or entities that the *Claimant* would *not* identify as

a manufacturer or supplier of a welding product to which he was exposed.  The

*Claimant* may name as a Defendant in his complaint such a person or entity only

if the *Claimant* has pleaded a cause of action that does not depend upon

8

establishing exposure to a product manufactured by such person or entity.[11]

    c.      Nothing in this Order relieves a *Claimant* of the requirement to pay a filing fee and otherwise comply with requirements for commencing an action imposed by statute, the Federal Rules of Civil Procedure, or applicable local court rules.

**2.    Requirements Regarding Service.**

Nothing in this Order relieves a *Claimant* of the requirement to serve copies of the summons and complaint on each Defendant named in the complaint and otherwise comply with requirements for service of process imposed by statute, the Federal Rules of Civil Procedure, or applicable local court rules.

**3.    Automatic Dismissal of Peripheral Defendants.**

The following provisions are designed to: (1) allow a *Claimant* to name as a Defendant all persons or entities (a) who may have manufactured or supplied a welding product to which the *Claimant* was exposed, or (b) against whom the *Claimant* may have a cause of action that does not depend upon establishing exposure to a product manufactured by such person or entity; (2) automatically dismiss without prejudice claims against all Defendants except those against whom plaintiffs are most likely to pursue their claims at trial (based on the

---

[11] For example, in §III of *CAO-1* at 9-10, the Court granted plaintiffs leave to assert, in amended MDL complaints, "additional causes of action for (a) aiding and abetting, (b) negligent performance of an undertaking, and/or (c) negligent and/or conscious misrepresentation involving physical risk of harm." The Court further made clear that "[l]eave to assert [these] new claims is granted only if those causes of action are recognized under the applicable state law."

The point of subsection VI.1.b of this Order is: if a Plaintiff has no good faith reason to believe he was ever exposed to "Manufacturer A's" welding consumable products, the Plaintiff should not name "Manufacturer A" as a Defendant, except in connection with one of the additional causes of action listed in the previous paragraph; the plaintiffs should not name "Manufacturer A" in a product liability claim, for example, which requires actual exposure to "Manufacturer A's" product.

Court's prior experience in this MDL); (3) allow the *Claimant* to bring back into his case any automatically-dismissed Defendants, if *Fact Sheet* disclosures or subsequent discovery later provides a basis to do so; and (4) toll any statutes of limitations applicable to claims against any automatically-dismissed Defendants, except Metropolitan Life and Caterpillar.

a.      Upon the filing of any action by a *Claimant*, by operation of this Order and without the necessity of a motion, any and all claims asserted in the complaint are automatically dismissed, except claims against the following Defendants: The Lincoln Electric Company; The BOC Group, Inc.; The ESAB Group, Inc.; TDY Industries, Inc.; and Hobart Brothers Company.

b.      A *Claimant* has two opportunities to bring back into the case any of the Defendants (except Metropolitan Life and Caterpillar) that have been automatically dismissed:

   i.      A *Claimant* may re-institute any of these automatically-dismissed claims by following the procedures and deadlines set out in subsection VI.4.c of this Order, below.

   ii.      A *Claimant* may re-institute any of these automatically-dismissed claims by following the procedures and deadlines set out in the *PDDA*.[12]

---

[12]  Section VI of the PDDA provides, among other things, that "a plaintiff may re-institute his claims against a previously dismissed Peripheral Defendant if discovery later provides a factual basis therefor."  *PDDA* §VI at 6.  To re-institute his claims under this Section of the PDDA, the plaintiff must make application to the Court no later than 160 days before the case is set for trial.  *Id.*

4.      **Submission of *Fact Sheet* by Plaintiff;**
        **Submission of *MDL Evaluation Form* by Defendants;**
        **Filing of Amended Complaints;**
        **Filing of Answers.**

     a.      Within 45 days of the date that a *Claimant's* complaint is filed in, or unconditionally transferred to, the MDL Court, the *Claimant* shall submit to Defendants' Liaison Counsel a completed *Fact Sheet*.[13]

     b.      Within 45 days of the date that a *Claimant* submits a *Fact Sheet*, the Defendants may (but are not required to) file on the docket of the *Claimant's* case a single *MDL Evaluation Form*, which shall have a format similar to the example attached as Exhibit 1.  The purpose of the *MDL Evaluation Form* is to notify the *Claimant* that: (1) the *Fact Sheet* shows the *Claimant* did not use any welding consumable products produced by one or more of the five Defendants who were not automatically dismissed (Lincoln, BOC, ESAB, TDY, and Hobart);[14] (2) the *Claimant's* complaint contains claims that are inconsistent with *MDL Decisions*;[15] or (3) the *Claimant's* complaint appears to have some other deficiency or inconsistency.

     c.      Within 75 days of a *Claimant's* submission of a *Fact Sheet*, the *Claimant* may file an amended complaint for the purposes of: (1) adding as a Defendant any person

---

[13]  The address for Defendants' Liaison Counsel is shown at Section VII.1.c of this Order, below.

[14]  For example, the Defendants may use the *MDL Evaluation Form* to notify a Plaintiff that, although his *Fact Sheet* does not state he ever used welding consumables produced by "Manufacturer X," he named "Manufacturer X" as a Defendant in his complaint.

[15]  For example, the Defendants may use the *MDL Evaluation Form* to notify a Plaintiff that, although earlier *MDL Decisions* make clear that Defendants are entitled to summary judgment on conspiracy claims brought under Mississippi law, the Plaintiff has stated such a claim.

or entity that was identified in the *Fact Sheet* as a manufacturer or supplier of a welding product to which the *Claimant* was exposed, including a Defendant that was dismissed automatically pursuant to subsection VI.3 of this Order, above;[16] (2) dismissing any Defendant that was not automatically dismissed and was not identified in the *Fact Sheet*; and (3) dismissing any claim inconsistent with *MDL Decisions*.  **Leave to file this amended complaint is hereby granted, and the *Claimant* need not and should not file a motion for leave to do so.**  The *Claimant* may amend his complaint by filing: (1) a full amended complaint; or (2) an *Abbreviated Amended Complaint by Interlineation*, which shall have a format similar to the example attached as Exhibit 2.[17]  After this 75-day period, a *Claimant* shall comply with the requirements of the *PDDA* for reinstituting claims against a dismissed Defendant.

    d.    The time for any Defendant to file an answer in response to a *Claimant's* complaint or amended complaint shall be the longer of: (1) the date 105 days after the date that the *Claimant* submits a *Fact Sheet* to Defendants' Liaison Counsel; or (2) the time permitted under the Federal Rules of Civil Procedure for filing an answer after service of a complaint or amended complaint.

---

[16] As noted, subsection VI.3 *automatically* dismisses a *Claimant's* claims against all Defendants except Lincoln, BOC, ESAB, TDY, and Hobart.  If a *Claimant* subsequently discloses on his *Fact Sheet* that he used welding consumables manufactured by one of the Defendants that was originally named in the complaint but automatically dismissed, the *Claimant* may amend his complaint to "add back in" this Defendant.

[17] A *Claimant* may file an *Abbreviated Amended Complaint by Interlineation* only to: (1) "add back in" a named defendant that was automatically dismissed pursuant to subsection VI.3 of this Order; or (2) delete a named defendant from his prior complaint.

e.      Section III of the *PDDA* normally requires counsel for Defendants to provide to Plaintiffs' Lead Counsel a "Peripheral Defendant Form," which lists for each action certain information to facilitate a comparison of the Defendants named in the plaintiff's complaint with the products and manufacturers identified in the plaintiff's *Fact Sheet*.   In actions commenced by *Claimants*, Counsel for Defendants are hereby relieved of this requirement.

f.      All other provisions of the *PDDA*, including without limitation the tolling provisions and the provisions for reinstituting claims against Defendants, shall apply to all *Tolled Claims* asserted by *Claimants*, except claims against Caterpillar and Metropolitan Life.

**5.      Filing of *Notice of Diagnosis*.**

Within 120 days of the date a *Claimant's* complaint is filed in, or unconditionally transferred to, the MDL Court, the *Claimant* shall file a *Notice of Diagnosis*.

**6.      Extension of Deadlines.**

The parties agree they shall undertake best efforts to meet the deadlines set out in subsections VI.4&5 of this Order.  The parties further acknowledge, however, that they shall attempt to accommodate requests for reasonable extensions of time; and, in particular, Defendants shall attempt to accommodate requests by *Claimants* for reasonable extensions of time, especially if a given *Claimant's* attorney has numerous clients who are leaving the *Tolling Agreement*.  If the parties cannot agree on an extension of time, a party may seek an Order from the Court extending these deadlines, but only for good cause shown.

**VII.    Requirements and Deadlines Applicable to *Former MDL Plaintiffs*.**

A *Former MDL Plaintiff* is any individual who earlier filed a case that became a part of these MDL proceedings, and who then dismissed the case after entering into the *Tolling Agreement*.

**1.        Requirements for Reinstituting Previously-Dismissed Actions.**

a.        A *Former MDL Plaintiff* may reinstitute a previously-dismissed action asserting *Tolled Claims* by filing a *Notice of Reinstitution of Tolled Case*,  which shall have a format similar to the example attached as Exhibit 3.  **This *Notice* must be filed in this MDL Court, on the existing docket for that case, using the original case number**.

b.        An attorney for a *Former MDL Plaintiff* may use Electronic Case Filing ("ECF") to file a *Notice of Reinstitution of Tolled Case*, as follows:

1.        After logging-in to the ECF webpage, click on "Civil", then "Other Filings", then "Notices".

2.        When prompted for the type of document being filed, select *"Notice of Re-Institution of Tolled Case (Welding Fume Cases Only)"*.

3.        Enter the case number of the previously-dismissed *Tolled Case* that is being reinstituted.

4.        Continue entering the requested information.  Later in the process, a screen will ask "Does this entry require a filing fee Y/N?"  If the *Former MDL Plaintiff* who is reinstituting his *Tolled Case* paid a filing fee when he filed his initial complaint, then he can answer "N," enter "waived," and not pay anything more.  If the *Former MDL Plaintiff* who is Reinstituting his *Tolled*

14

*Case* did not previously pay a filing fee when he filed his initial complaint, then he must answer "Y" and pay the $350 filing fee.[18]

c.   In addition to filing the *Notice of Reinstitution of Tolled Case* on the existing case docket, **the Claimant shall serve his *Notice of Reinstitution of Tolled Case* on Defendants' Liaison Counsel** by one of the following means:

i.   sending a copy by U.S. Mail to Defendants' Liaison Counsel at the following address:

> Stephen J. Harburg, Esq.
> O'Melveny & Myers LLP
> 1625 Eye Street, N.W.
> Washington, D.C.  20006-4001

ii.   sending a copy by e-mail to Defendants' Liaison Counsel at the following address: Bbaggetta@omm.com (Brian Baggetta at O'Melveny &Myers LLP).

d.   Nothing in this Order relieves a *Former MDL Plaintiff* of compliance with requirements for commencing an action imposed by statute, the Federal Rules of Civil Procedure, or applicable local court rules.

**2.   Requirements Regarding Service.**

Nothing in this Order relieves a *Former MDL Plaintiff* of the requirement to serve copies of the summons and complaint on each Defendant named in the complaint and otherwise comply with requirements for service of process imposed by statute, the Federal Rules of

---

[18]   A *Former MDL Plaintiff* may not have earlier paid a filing fee because, for example: (1) he was one of several plaintiffs in a multi-plaintiff case when the initial complaint was filed; (2) his case was subsequently severed from the multi-plaintiff case; and (3) one of the *other* plaintiffs on the original, multi-plaintiff complaint paid the initial filing fee.

Civil Procedure, or applicable local court rules.  If a *Former MDL Plaintiff* served a summons and complaint on a specific defendant before dismissing his case and entering into the *Tolling Agreement*, he is not required to repeat service of those documents on that specific defendant after filing a *Notice of Reinstitution of Tolled Case*.

**3.      Automatic Dismissal of Peripheral Defendants.**

The following provisions are designed to: (1) allow a *Former MDL Plaintiff* to name as a Defendant all persons or entities (a) who may have manufactured or supplied a welding product to which the *Former MDL Plaintiff* was exposed, or (b) against whom the *Former MDL Plaintiff* may have a cause of action that does not depend upon establishing exposure to a product manufactured by such person or entity; (2) automatically dismiss without prejudice claims against all Defendants except those whom plaintiffs are most likely to pursue their claims at trial (based on the Court's prior experience in this MDL); (3) allow the *Former MDL Plaintiff* to bring back into his case any automatically-dismissed Defendants, if *Fact Sheet* disclosures or subsequent discovery later provides a basis to do so; and (4) toll any statutes of limitations applicable to claims against any automatically-dismissed Defendants, except Metropolitan Life and Caterpillar.

a.      Upon the filing of any *Notice of Reinstitution of Tolled Case* by a *Former MDL Plaintiff*, by operation of this Order and without the necessity of a motion, any and all claims asserted in the existing operative complaint are automatically dismissed, except claims against the following Defendants: The Lincoln Electric Company; The BOC Group, Inc.; The ESAB Group, Inc.; TDY Industries, Inc.; and Hobart Brothers Company.

16

b.       A *Former MDL Plaintiff* has two opportunities to bring back into the case any of the Defendants (except Metropolitan Life and Caterpillar) that have been automatically dismissed:

i.       A *Former MDL Plaintiff* may re-institute any of these automatically-dismissed claims by following the procedures and deadlines set out in subsection VII.4.c of this Order, below.

ii.      A *Former MDL Plaintiff* may re-institute any of these automatically-dismissed claims by following the procedures and deadlines set out in the *PDDA*.[19]

**4.       Submission of *Fact Sheet* by Plaintiff;
Submission of *MDL Evaluation Form* by Defendants;
Filing of Amended Complaints;
Filing of Answers.**

a.       Within 45 days of the date that a *Former MDL Plaintiff* files a *Notice of Reinstitution of Tolled Case*, the *Former MDL Plaintiff* shall submit to Defendants' Liaison Counsel a completed *Fact Sheet*;[20] however, if the *Former MDL Plaintiff* previously submitted a *Fact Sheet* before dismissing his case and entering into the *Tolling Agreement*, he need not submit another *Fact Sheet*.

b.       Within 45 days of the date that a *Former MDL Plaintiff* (1) submits a *Fact Sheet*

_____

[19]   Section VI of the PDDA provides, among other things, that "a plaintiff may re-institute his claims against a previously dismissed Peripheral Defendant if discovery later provides a factual basis therefor."  *PDDA* §VI at 6.  To re-institute his claims under this Section of the PDDA, the plaintiff must make application to the Court no later than 160 days before the case is set for trial.  *Id.*

[20]   The address for Defendants' Liaison Counsel is shown at Section VII.1.c of this Order, above.

or (2) files a *Notice of Reinstitution of Tolled Case*, whichever is later, the Defendants may (but are not required to) file on the docket of the *Tolled Case* a single *MDL Evaluation Form*, which shall have a format similar to the example attached as Exhibit 1.  The purpose of the *MDL Evaluation Form* is to notify the *Former MDL Plaintiff* that: (1) the *Fact Sheet* shows the *Former MDL Plaintiff* did not use any welding consumable products produced by one or more of the five Defendants who were not automatically dismissed (Lincoln, BOC, ESAB, TDY, and Hobart);[21] (2) the *Former MDL Plaintiff's* complaint contains claims that are inconsistent with *MDL Decisions*;[22] or (3) the *Former MDL Plaintiff's* complaint appears to have some other deficiency or inconsistency.

c.      Within 75 days of the date that a *Former MDL Plaintiff* (1) submits a *Fact Sheet* or (2) files a *Notice of Reinstitution of Tolled Case*, whichever is later, the *Former MDL Plaintiff* may file an amended complaint for the purposes of: (1) adding as a Defendant any person or entity that was identified in the *Fact Sheet* as a manufacturer or supplier of a welding product to which the *Former MDL Plaintiff* was exposed, including a Defendant that was dismissed automatically pursuant to

---

[21]  For example, the Defendants may use the *MDL Evaluation Form* to notify a Plaintiff that, although his *Fact Sheet* does not state he ever used welding consumables produced by "Manufacturer X," he named "Manufacturer X" as a Defendant in his complaint.

[22]  For example, the Defendants may use the *MDL Evaluation Form* to notify a Plaintiff that, although earlier *MDL Decisions* make clear that Defendants are entitled to summary judgment on conspiracy claims brought under Mississippi law, the Plaintiff has stated such a claim.

18

subsection VII.3 of this Order, above;[23] (2) dismissing any Defendant that was not automatically dismissed and was not identified in the *Fact Sheet*; and (3) dismissing any claim inconsistent with *MDL Decisions*. **Leave to file this amended complaint is hereby granted, and the *Former MDL Plaintiff* need not and should not file a motion for leave to do so.** The *Former MDL Plaintiff* may amend his complaint by filing: (1) a full amended complaint; or (2) an *Abbreviated Amended Complaint by Interlineation*, which shall have a format similar to the example attached as Exhibit 2.[24] After this 75-day period, a *Former MDL Plaintiff* shall comply with the requirements of the *PDDA* for reinstituting claims against a dismissed Defendant.

d.   Based on information available to the *Former MDL Plaintiff* at the time of the filing of his *Notice of Reinstitution of Tolled Case*, there may be persons or entities that the *Former MDL Plaintiff* would *not* identify as a manufacturer or supplier of a welding product to which he was exposed. The *Former MDL Plaintiff* may name as a Defendant in an amended complaint such a person or entity only if the *Former MDL Plaintiff* has pleaded a cause of action that does not depend upon establishing

---

[23]   As noted, subsection VII.3 *automatically* dismisses a *Former MDL Plaintiff's* claims against all Defendants except Lincoln, BOC, ESAB, TDY, and Hobart. If a *Former MDL Plaintiff* subsequently discloses on his *Fact Sheet* that he used welding consumables manufactured by one of the Defendants that was originally named in the complaint but automatically dismissed, the *Former MDL Plaintiff* may amend his complaint to "add back in" this Defendant.

[24]   A *Former MDL Plaintiff* may file an *Abbreviated Amended Complaint by Interlineation* only to: (1) "add back in" a named defendant that was automatically dismissed pursuant to subsection VII.3 of this Order; or (2) delete a named defendant from his prior complaint.

exposure to a product manufactured by such person or entity.[25]  Further, a *Former MDL Plaintiff*'s amended complaint may not name Metropolitan Life or Caterpillar as a Defendant, and may not assert any claim that has previously been rejected by the Court in any of the *MDL Decisions* (e.g., conspiracy under Mississippi law).

e.   The date for any Defendant to file an answer in response to a *Former MDL Plaintiff's* complaint or amended complaint shall be the later of: (1) the date 105 days after the date that the *Former MDL Plaintiff* (a) submits a *Fact Sheet* to Defendants' Liaison Counsel or (b) files a *Notice of Reinstitution of Tolled Case*; or (2) the date permitted under the Federal Rules of Civil Procedure for filing an answer after service of a complaint or amended complaint.

f.   Section III of the *PDDA* normally requires counsel for Defendants to provide to Plaintiffs' Lead Counsel a "Peripheral Defendant Form," which lists for each action certain information to facilitate a comparison of the Defendants named in the plaintiff's complaint with the products and manufacturers identified in the plaintiff's *Fact Sheet*.  In actions reinstituted by *Former MDL Plaintiffs*, Counsel for Defendants are hereby relieved of this requirement.

---

[25] For example, in §III of *CAO-1* at 9-10, the Court granted plaintiffs leave to assert, in amended MDL complaints, "additional causes of action for (a) aiding and abetting, (b) negligent performance of an undertaking, and/or (c) negligent and/or conscious misrepresentation involving physical risk of harm." The Court further made clear that "[l]eave to assert [these] new claims is granted only if those causes of action are recognized under the applicable state law."

The point of subsection VII.4.d of this Order is: if a Plaintiff has no good faith reason to believe he was ever exposed to "Manufacturer A's" welding consumable products, the Plaintiff should not name "Manufacturer A" as a Defendant, except in connection with one of the additional causes of action listed in the previous paragraph; the plaintiffs should not name "Manufacturer A" in a product liability claim, for example, which requires actual exposure to "Manufacturer A's" product.

20

g.    All other provisions of the *PDDA*, including without limitation the tolling provisions and the provisions for reinstituting claims against Defendants, shall apply to all *Tolled Claims* asserted by *Former MDL Plaintiffs*, except claims against Caterpillar and Metropolitan Life.

**5.    Filing of *Notice of Diagnosis*.**

Within 120 days of the date a *Former MDL Plaintiff* files a *Notice of Reinstitution of Tolled Case*, the *Former MDL Plaintiff* shall file a *Notice of Diagnosis*; however, if the *Former MDL Plaintiff* previously filed a *Notice of Diagnosis* before dismissing his case and entering into the *Tolling Agreement*, he need not submit another *Notice of Diagnosis*.

**6.    Extension of Deadlines.**

The parties agree they shall undertake best efforts to meet the deadlines set out in subsections VII.4&5 of this Order.  The parties further acknowledge, however, that they shall attempt to accommodate requests for reasonable extensions of time; and, in particular, Defendants shall attempt to accommodate requests by *Former MDL Plaintiffs* for reasonable extensions of time, especially if a given *Former MDL Plaintiff's* attorney has numerous clients who are leaving the *Tolling Agreement*.  If the parties cannot agree on an extension of time, a party may seek an Order from the Court extending these deadlines, but only for good cause shown.

21

7.      **Documents Filed Before the Previous Dismissal of the Reinstituted *Tolled Case*.**

All documents properly filed with the Court, or submitted to court-appointed liaison counsel, or served, before a Reinstituted *Tolled Case* was previously dismissed are deemed to have continuing force and effect, as though the case was not dismissed.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**: December 5, 2008

22