03cv17000zbp-ord(WithdrawalProSe).wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: WELDING FUME PRODUCTS LIABILITY LITIGATION : | |
| : | Case No. 1:03-CV-17000 |
| : | (MDL Docket No. 1535) |
| : | |
| : | JUDGE O'MALLEY |
| : | |
| : | **ORDER** |

On May 4, 2009, the Court entered an Order documenting the parties' agreement regarding the procedure they will use when, *after* completion of medical records discovery, plaintiff's counsel elects to withdraw from representing his client:

> In any case where counsel for plaintiff files a motion to withdraw, the plaintiff shall have 60 days from the date of the filing of the motion to withdraw to obtain replacement counsel. If no replacement counsel files a timely notice of appearance, defendants may file a motion to dismiss. If replacement counsel does file a timely notice of appearance, then replacement counsel shall have 60 days to certify he believes in good faith that he and his client will pursue the matter to trial. If replacement counsel does not so certify, defendants may file a motion to dismiss. Withdrawing counsel will ensure his client is aware of all of these procedures and requirements.[1]

The Court now amends these provisions as described below.

I.

First, the Court's Orders did not address the possibility that, following a motion by plaintiff's counsel to withdraw, the plaintiff might wish to proceed *pro se*. Accordingly, the Court now modifies the

---

[1] Order at 3 ( May 4, 2009) (master docket no. 2194). *See also* Order at 2 (June 11, 2009) (master docket no. 2201) (setting out the same procedure for "decertified" cases). This Order amends both earlier Orders.

above-described procedures in all applicable circumstances as follows.

In any case where counsel for plaintiff files a motion to withdraw, the plaintiff shall have 60 days from the date of the filing of the motion to withdraw to: (a) obtain replacement counsel; **or** (b) file a notice of intent to proceed *pro se*.[2]

If, before expiration of the 60-day period, no replacement counsel has filed a timely notice of appearance and plaintiff has not filed a notice of intent to proceed *pro se*, defendants may file a motion to dismiss.

If replacement counsel does file a timely notice of appearance, then replacement counsel shall have 60 days to certify he believes in good faith that he and his client will pursue the matter to trial. If replacement counsel does not so certify, defendants may file a motion to dismiss.

If a plaintiff files a notice of intent to proceed *pro se*, defendants may *not* file a motion to dismiss premised on prior counsel's failure to certify his intent to take the case to trial.

All obligations this Court has imposed upon the plaintiff during the course of this MDL, however, remain valid – including, for example, the obligations to submit a notice of diagnosis and to participate and cooperate in the medical records discovery process. Further, the plaintiff must register with the Court to obtain electronic notification through ECF.[3] In other words, while a plaintiff may choose to proceed

---

[2] Plaintiff must file the notice of intent to proceed *pro se* on his individual case docket, not the master docket. Further, plaintiff must mail or email a copy of his notice of intent to proceed *pro se* to plaintiff's liaison counsel: Lisa Gorshe, Climaco Lefkowitz Peca Wilcox & Garofoli, 55 Public Square, Suite 1950, Cleveland, Ohio 44113, Lagors@climacolaw.com.

[3] *See* Case Management Order at 4 (Dec. 9, 2003) (master docket no. 63) ("The Court has ordered this matter onto the Electronic Case Filing System. (*See* docket no. 7, Order dated Aug. 13, 2003.) All parties are required to register for ECF participation. The parties are expected to follow the Northern District of Ohio's policies and procedures on Electronic Case Filing. For further information on this topic, see the 'NOTICE' included in the Court's 'PRACTICE & PROCEDURE ORDER' (dated August 13, 2003).").

*pro se*, the plaintiff must, in fact, *proceed*; absence of counsel does not relieve the *pro se* plaintiff of any obligations the Court has imposed upon the parties. Further, defendants are not precluded from filing a motion to dismiss for any reason *other than* a failure by prior counsel for plaintiff to certify an intent to take the case to trial.

Withdrawing counsel shall ensure his client is aware of all of these modified procedures and requirements.

II.

Second, the same procedures described in Section I of this Order shall also apply in cases where plaintiff's counsel chooses not to certify an intent to try the case and files a motion to withdraw *before* completion of medical records discovery.[4] In such cases, however, the requirement of replacement counsel is that he must certify he believes in good faith that he and his client will pursue the matter to trial **in the normal course, following medical records discovery**.[5]

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**:
July 7, 2009

---

[4] *See* Order at 5 (June 11. 2009) (master docket no. 2201) (noting that "Plaintiffs may continue to 'rule out' trial certification at any time, and should continue their efforts to identify cases that can be 'ruled out' even before medical records discovery begins.").

[5] In other words, the provision in Section I that "replacement counsel shall have **60 days** to certify he believes in good faith that he and his client will pursue the matter to trial" does not apply, because medical records discovery has not yet occurred.