03cv17000zbr-ord(SOCRA).wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IN RE: WELDING FUME PRODUCTS :
  LIABILITY LITIGATION                :          **Case No. 1:03-CV-17000**
                                              :          **(MDL Docket No. 1535)**
                                              :
                                              :          **JUDGE O'MALLEY**
                                              :
                                              :          <u>**ORDER**</u>

       For the reasons and to the extent stated below, defendant's motion for leave to enter limited appearance and to limit the scope of depositions (docket no. 2364) is **GRANTED in part and DENIED in part**.

*     *     *     *     *

       In a number of *Welding Fume* MDL cases, the plaintiff has named as a defendant Socra Corporation, as successor to Arcos Alloys Corporation.  One of these cases, *Jerkins v. Lincoln Electric Co.*, case no. 04-CV-18810 (N.D. Ohio), is set for trial on July 12, 2010.  Plaintiffs in *Jerkins* have moved for default judgment against Socra, asserting they served Socra with process on or about July 26, 2004, but Socra did not respond.  The Court has entered default and set a hearing date of May 24, 2010 to consider the propriety of entering a default judgment.

       In connection with the default judgment hearing, plaintiffs have issued subpoenae to two individuals whom plaintiffs believe have knowledge regarding Socra: (1) Mark Sturing, and (2)

James Breen.[1]  With the instant motion, Socra asks for an Order that would: (1) allow Socra to enter a limited appearance, so that Mr. Breen's and Mr. Sturing's appearances at deposition do not work to waive Socra's defenses of insufficient service and insufficient process; (2) limit the scope of Mr. Breen's deposition to topics related to service of process and Socra's corporate structure and history; and (3) similarly limit the deposition of Mr. Sturing.

Plaintiffs oppose the first request, asserting Socra offers no authority for allowing its trial attorneys to make a limited appearance at a deposition (as opposed to a court hearing).  If the Court were to accept this argument, however, then a corporate defendant asserting the defense of insufficient service of process would have to forego representation whenever the plaintiff seeks a deposition to discover and test the defendant's factual positions.  Accordingly, the motion for Socra's attorneys to make a limited appearance is **granted**.

Plaintiffs do not oppose the motion to limit the scope of Mr. Sturing's deposition. Accordingly, that motion is **granted, as unopposed**.

Finally, plaintiffs do not oppose the motion to limit the scope of Mr. Breen's deposition regarding Socra.  But plaintiffs assert that Mr. Breen is also knowledgeable about defendant Arcos Industries, and Arcos Industries has not moved to limit the scope of Mr. Breen's deposition. Movants concede this point: "Socra is not concerned with Plaintiffs' inquiries at deposition about

---

[1] The depositions are scheduled for May 4 & 5, 2010.  Mr. Sturing is an attorney in Farmington Hills, Michigan.  In a letter to plaintiffs' counsel in *Jerkins*, a copy of which he sent to the Court, Mr. Sturing wrote: "Please be advised that I am not, and have never been, employed by Socra Corporation.  In very limited situations I have acted as General Counsel for purposes of consenting to other defendants [sic] requests to remove cases in certain jurisdictions." (Emphasis in original).  Thus, it is clear that Mr. Sturing has some relationship with Socra.  As for Mr. Breen, he lives in Illinois; the briefs suggest he has been employed in an executive capacity by Socra and also other related defendants, such as Arcos Industries.

any served defendants in the *Jerkins* case."[2]  The Court concludes that plaintiffs must limit the scope of Mr. Breen's deposition regarding Socra to topics related to service of process and corporate structure and history; but the scope of Mr. Breen's deposition regarding other defendants about which he is knowledgeable is not so limited.[3]

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED**: April 30, 2010

---

[2]  Reply brief at 3.

[3]  Given the Court's grant of Socra's motion to limit the scope of the depositions, it may be that subsequent, broader depositions will become appropriate, depending on subsequent circumstances.