03cv17000zcd-ord(Wrapup).wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: WELDING FUME PRODUCTS LIABILITY LITIGATION | :<br>: Case No. 1:03-CV-17000<br>: (MDL Docket No. 1535)<br>:<br>: JUDGE O'MALLEY<br>:<br>: **MEMORANDUM AND ORDER** |

On May 30, 2012, the Court met with lead counsel to address issues related to the winding down of this MDL. The parties reported that the great majority of cases pending in the MDL have been resolved, and the parties were in the process of filing stipulated case dismissals. While at one time there were thousands of MDL cases, there now remain only three. Of these, only one case, known as *Baxter*, is being actively litigated.[1] In light of these circumstances, the Court now orders as follows.

- On December 9, 2003, the Court entered the MDL Case Management Order ("CMO"). In the CMO, the Court appointed Plaintiffs' Lead Counsel, Plaintiffs' Liaison Counsel, and Plaintiffs' Executive Committee, and set out their duties. *See* docket no. 63 at 4-6. The Court thanks all of these individuals for their service. All individuals so appointed are now relieved of their duties.

- On November 10, 2004, the Court appointed a Special Master and set out his duties. *See* docket no. 612. The Court also thanks the Special Master for his service. The Special Master is now relieved of his duties. As noted in the Court's *Trial Template Order*, however, the Special Master retains a vast amount of invaluable "'institutional knowledge,' such as . . . familiarity with the

---

[1] The other two are pro se cases. As has every pro se *Welding Fume* case, it appears likely these two cases will eventually also be dismissed.

parties and with the complicated issues that arise recurringly in *Welding Fume* trials." *See* docket no. 2389 at 9. Accordingly, this MDL Court urges any Judge who presides over *Baxter* going forward to consider appointment of the Special Master to assist with pretrial motions and trial oversight.

- During the course of discovery, the Court and the parties agreed that defendants would supplement their responses to MDL requests for production every six months, by producing any newly-created responsive documents and also an updated privilege log. Over the last several years, none of the documents so produced have been used by any plaintiff at trial or for any other reason; rather, plaintiffs have always and only relied upon: (1) MDL core documents produced several years ago; and (2) documents produced pursuant to case-specific requests. Accordingly, the Court hereby relieves defendants from their semi-annual obligation to supplement their responses to plaintiffs' MDL requests for production. Defendants shall respond to case-specific discovery requests (if any) in *Baxter* in the normal course.

**IT IS SO ORDERED.**

/s/ Kathleen M. O'Malley  
**KATHLEEN McDONALD O'MALLEY**  
**UNITED STATES CIRCUIT JUDGE FOR THE**  
**UNITED STATES COURT OF APPEALS FOR**  
**THE FEDERAL CIRCUIT, SITTING BY**  
**DESIGNATION**

**DATED**: July 20, 2012